## WOOD *v.* STATE.

Opinion delivered January 2, 1897.

OFFICIAL BOND—REJECTION—LIABILITY OF SURETIES.—The sureties on the bond of a county treasurer approved by the circuit judge in vacation are not liable for any funds which come into the treasurer's hands after rejection of the bond by the circuit court and the expiration of 15 days thereafter within which the treasurer fails to file a new bond, as required by § 5399, Sand. & H. Dig.

Appeal from Carroll Circuit Court, Eastern District.

EDWARD S. MCDANIEL, Judge.

### STATEMENT BY THE COURT.

This action was brought by the State of Arkansas against W. H. Wood, as treasurer of Carroll county, and Jas. P. Fancher, W. R. Hamilton, W. P. George and Isaac Felton, as sureties upon his official bond. The complaint alleges that, at the general election in 1882, Wood was elected treasurer of Carroll county; that on the 8th day of December, 1882, Wood and the other defendants made and delivered an official bond for Wood as treasurer; that said bond was, on the 8th of December, 1882, filed with the clerk of said county, it being presented to the county judge of said county in vacation, and by him approved, subject to the final approval of the circuit court of said county; that said Wood, having entered upon the duties of his office under said bond, received by virtue thereof a large amount of moneys belonging to the public funds of said county; that at the April term of the county court of said county a settlement was had with Wood as treasurer, and it was ascertained that he, as treasurer, had taken into his hands large sums of money, among the items named being $134, funds received for redeemed lands from October, 1880, to January 18, 1884, and other sums, describing them, which had never been paid out according to law, and which he, as treasurer, still held, etc., and he was ordered by the court to produce said funds to be counted, and refused, failed, and neglected so to do. The complaint further states that on the —— day of ——, 188—, the office of treasurer of Carroll county was declared vacant according to law, and was duly and legally vacated, and that on —— day of ——, 1884, at a special election, one Field

was duly elected, commissioned, qualified, and gave bond, and entered upon the duties of the office of treasurer as aforesaid, that Wood was legally ordered to pay over to said Field the said sums found to be due from him as aforesaid, and that said Field, his successor, made demand upon him for same, but that he (the said Wood) wholly failed to pay same over, as he was required to do, etc.

Appellants answered as follows: "Come the defendants [the sureties above named] and, answering herein, admit that the defendant Wood was elected county treasurer of Carroll county about the time alleged, and that they executed the bond set out and mentioned in the plaintiff's complaint, and that the said Wood entered into the discharge of his duties as such treasurer; that on the 8th day of December, 1882, said bond was filed with the clerk as alleged, but deny [that] said bond was presented to the county judge of Carroll county in vacation, or that said judge approved said bond. Defendants say that on the 24th of March, 1883, at the regular term of circuit court of Carroll county, Arkansas, said bond was presented to said court for its approval, and by said court rejected, and the defendant Wood was ordered to make, execute, and deliver a good and sufficient bond in fifteen days thereafter. The defendants say that the rejection of said bond by said court discharged these defendants, who were sureties on said bond, from all subsequent liabilities on the same after the expiration of said fifteen days in which the defendant Wood was required to execute his said bond. The defendants say that no part of said money mentioned in the complaint was lost, stolen, or appropriated by said Wood till long after the rejection of the bond sued on, and long after the expiration of the fifteen days in which defendant Wood was required by

the court and the law to make and execute the second bond aforesaid."

To this answer plaintiff demurred as follows: "Comes the plaintiff, and demurs to the answer of the defendants, and for cause of demurrer says that the facts stated in the answer do not constitute any defense to the plaintiff's complaint."

The court sustained the demurrer to the answer, and, the appellants failing to plead further, judgment was rendered against them for the penalty of the bond. Appellants excepted to the judgment of the court sustaining the demurrer, and appealed to this court.

*S. R. Cockrill, O. W. Watkins* and *Ashley Cockrill* for appellant.

The provisions of our statute bearing on the subject are Sand. & H. Dig., secs. 979, 3247–3248 and 5398–5402. It may be conceded that the bond was operative until the expiration of the fifteen days after the order of the circuit court rejecting it. After that it was a rejected bond, which is no bond, binding no one. A failure to give new bond made the office *ipso facto* vacant. 36 Ark. 134; 42 *id.* 372; 44 Iowa, 15; 36 Ark. 392; 47 Mich. 586; 84 Ky. 496; 3 Martin (La.), N. S. 589, S. C. 15 Am. Dec. 169; 24 Am. St. Rep. 893. See also 3 Scam. (Ill.), 35; 60 Ark. 399. The bond was never accepted. It was rejected. Murfree on Off. Bonds, sec. 46; *ib.* sec. 48; 79 Cal. 84; 19 How. 595; 97 Pa. St. 332; 11 Gill & J. (Md.), 382; 9 Ga. 185; 47 Mich. 586; 86 *id.* 329; 84 Ky. 496; 57 Cal. 620. The case of 2 Ark. 73 is not inconsistent with these authorities. It is based on a different statute. Sec. 2, Revision of 1838, p. 138. The complaint is not sufficient. Maxwell, Code Pl. 148; Murfree, Off. Bonds, sec. 48; 7 Md. 179, 201; 2 Ark. 382. No breach is alleged. Murfree, Off. Bonds, sec. 555; 10 B. Mon. 461; Green's Pl. & Pr. sec. 304.

*J. M. Pittman* and *W. S. Stuckey* for appellee.

The demurrer raised the point whether the denials and allegations in the answer were a sufficient answer to the complaint. These alone were passed on by the court below, and these only can be adjudicated here. 40 Ark. 96; 54 *id.* 442. The validity of a bond is not affected by an omission to acknowledge or to approve it, or by any defects in its justification. 2 Ark. 73 and 174; Throop on Pub. Officers, sec. 183. A treasurer is liable for all moneys coming to his hands during his office, and until he settles, even though he resigns, is removed, or the office becomes vacant. Art. 7, sec. 46, Const.; *ib.* sec. 48; Sand. & H. Dig., sec. 991 and 992. The averment that appellant did *execute* the bond implies delivery and acceptance. 2 Harr. (Del.), 108, note; 2 Ark. 73, 174, 189. Signing, sealing and delivery is *prima facie* evidence of acceptance and approval. 4 Md. 444. The execution of the bond, the filing in the clerk's office, the entering of Wood into the office and receiving and disbursing money, etc., are all strong evidences of acceptance. 40 Iowa, 462; 47 Ind. 418; 39 Ark. 468; 1 Harr. & J. (Md.) 324; 57 Pa. St. 219. The circuit judge has authority to approve in vacation. Sand. & H. Dig., sec. 5398. The answer should have alleged non-approval by the circuit judge in vacation, and in the absence of this allegation the presumption is that it was thus approved, hence accepted.

*O. W. Watkins* and *S. R. Cockrill* in reply.

A treasurer cannot enter into office until he has given bond, Sand. & H. Dig., sec. 979; Mansf. Dig., sec. 1187; *ib.* secs. 5398, 5402; 36 Ark. 134, 143; *ib.* 386, 394. The bond must be approved by one of the officers or judges prescribed. Murfree, Official Bonds, secs. 46, 48. The complaint fails to allege that any part of the money the treasurer failed to account for was received

*prior* to the expiration of the fifteen days after the bond was rejected. Hence no breach is alleged. 2 Ark. 382.

WOOD, J., (after stating the facts.) The statute requires each treasurer, before he enters upon the duties of his office, to enter into bond that he will truly account for and pay over all money that may come into his hands as treasurer. Sec. 979, Sand. & H. Dig. The complaint alleges that Wood and his sureties made a bond, which was approved by the county judge in vacation; that the bond was filed with the clerk; and that Wood entered upon the duties of the office of treasurer. The answer admits these allegations, except that the bond was approved by the county judge in vacation, which it denied. Now, as the treasurer could not legally enter upon the duties of his office without a bond approved by the county or circuit judge in vacation, inasmuch as it is admitted that he did enter, and there is nothing in the pleadings to show that his bond was not approved by the circuit judge in vacation, a provisional acceptance of the bond may be presumed. From the terms of the bond itself, which are according to the statute, the treasurer and his bondsmen are liable for all funds which come into his hands as treasurer while the bond was in force, and which he failed to account for and pay over. This, notwithstanding said funds may not have been lost, stolen, or appropriated by the treasurer, as is alleged in the answer, until long after the rejection of the bond, and after the expiration of the time prescribed by law for filing a new one. But the answer expressly alleges, and the demurrer admits, that the bond sued on, was rejected by the circuit court March 2, 1883, and that defendant was ordered to file new bond in fifteen days thereafter. So his sureties were not liable for any funds which may have come into the hands of Wood after that time,

unless they are to be held liable upon an instrument which had been rejected. But, upon elementary principles, that cannot be. When the party named as obligee refuses to accept, the parties signing as obligors are not bound. The statute makes the office vacant *ipso facto* upon rejection of the bond by the circuit court and a failure to give new bond in fifteen days. Sec. 5399, Sand. & H. Dig.; *Ex parte Lowman*, 42 Ark. 372. See also *Falconer* v. *Shores*, 37 *id.* 392; *Oliver* v. *Martin*, 36 *id.* 134. Besides, the complaint alleges that the office became vacant, but does not show when the vacancy occurred.

After the bond had been rejected by the circuit court, and the fifteen days had expired, the treasurer could no longer claim or exercise any right under it, and his sureties were no longer bound by it. The cases of *Wood* v. *Auditor*, 2 Ark. 73, and *Taylor* v. *Auditor*, 2 Ark. 174, respectively, relied upon by appellee, cannot control this question. When they were decided, there was no statute like that *supra*, and in them no question as to the effect of an affirmative rejection of the bond was raised. In the former facts were stated from which an acceptance would be presumed, and in the latter the demurrer simply raised the question of a failure "to acknowledge and approve." Here the record shows affirmatively that the bond was rejected by the circuit court, the only duly accredited agent of the state for accepting such instruments. The general allegation in the answer that the bond was "executed" cannot be taken in the technical sense that the instrument was both signed and delivered, except as it may refer to the provisional acceptance, for there is a specific allegation in the answer "that the bond was presented to the circuit court for approval, and was by it rejected." This the demurrer admits. Authorities cited in brief of

counsel for appellee clearly establish the views we have expressed.

Since the answer shows that the bond was rejected, and denies liability thereafter, and the complaint shows that funds came into the hands of the treasurer after his office became vacant, as stated in his answer, and fails to show that any funds came into the hands of the treasurer before it was rejected, it follows that the answer states a good defense, and the demurrer should have been overruled.

Reversed, and remanded, with directions to overrule the demurrer, and to allow plaintiff to amend if desired, and for further proceedings.